**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
|  | ) Case No. 14-10139 |
| **ANDERSONVILLE ASSOCIATES 10 LLC** | ) Honorable Donald R. Cassling |
|  | ) Room 619 |
| Debtor. | ) Hearing Date:  May 17, 2016 |
|  | ) Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

To:    See Attached Service List

PLEASE TAKE NOTICE THAT on **Tuesday, May 17, 2016 at 9:30 a.m.**, we shall appear before the Honorable Donald R. Cassling, or any other Judge sitting in his stead in Courtroom No. 615, 219 South Dearborn, Chicago, Illinois, at which time we shall present **DEBTOR'S MOTION TO ENTER FINAL DECREE AND CLOSE CHAPTER 11 CASE,** a copy of which is attached hereto a served upon you, and shall pray for the entry of an order in conformity with said pleading, at which time and place you may appear if you so see fit.

**ANDERSONVILLE ASSOCIATES 10 LLC,**
Debtor


By**:**      /s/ Ariel Weissberg
     One of its attorneys


Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T.  312-663-0004
F.  312-663-1514

1

## **CERTIFICATE OF SERVICE**

      I, Ariel Weissberg, certify that on April 22, 2016, I caused **DEBTOR'S MOTION TO ENTER FINAL DECREE AND CLOSE CHAPTER 11 CASE** to be filed electronically. Notice of this filing was sent by the court's ECF electronic transmission to all persons-in-interest registered with the Court's electronic transmission system, including the following parties:

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

Jeffrey Snell
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027
jeffrey.snell@usdoj.gov

Michael B. Bregman, Esq.
Ruff, Freud, Breems, & Nelson Ltd
200 N LaSalle St., Ste 2020
Chicago IL 60601-1025
mbregman@rfbnlaw.com
*(on behalf of Creditor Republic Bank of Chicago)*

Kristine Kolky
William J. Serritella, Jr.
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash, Suite 1700
Chicago, IL l 60611
kkolky@agdglaw.com
*(on behalf of Creditor MB Financial Bank)*

Harold L Moskowitz
hlmatty@aol.com
*(on behalf of Allan Fridman)*

and on April 22, 2016 to the following parties by the method so noted below:

Illinois Department of Revenue
Bankruptcy Section, Level 7−425
100 W. Randolph Street
Chicago, IL 60606
**By Fax: 312-814-4045**

District Director
Internal Revenue Service
230 S. Dearborn St., Room 2890
Chicago, IL 60604
**By First Class U.S. Mail**

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL 60606
**By Fax: 312-368-8713**

Kathryn Keneally
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
**By Fax: 202-514-5238**

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
**By First Class U.S. Mail**

U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604
**By Fax: 312-353-2067**

Legal Department -- Legal Services Office MC5-500
Illinois Department of Revenue
101 West Jefferson
Springfield, IL 62794
**By First Class U.S. Mail**

Andersonville Associates 10 LLC
5028 North Clark, Second Floor
Chicago, IL 60640
**By First Class U.S. Mail**

3

5531 N. Clark LLC
1709 W. Washington Street
Chicago, IL 60612-2624
**By First Class U.S. Mail**

Agnes Aranyi
4615 N. Park Ave., Apt 909
Chevy Chase, MD 20815-4515
**By First Class U.S. Mail**

Cook County Treasurer
118 North Clark Street, Room 112
Chicago, IL 60602-1590
**By First Class U.S. Mail**

Custom Framing Inc.
5028 N Clark St 1st Floor
Chicago IL 60640-2824
**By First Class U.S. Mail**

Ed Fisher
8400 Grant Circle
Merrillville, IN 46410-8116
**By First Class U.S. Mail**

Frankenmuth Insurance
One Mutual Avenue
Frankenmuth, MI 48787-0001
**By First Class U.S. Mail**

Higher Powered LLC
5028 N Clark St., 2nd Floor
Chicago, IL 60640-2824
**By First Class U.S. Mail**

Martin & Karcazes, LTD
161 N. Clark Street
Chicago, IL 60601-3206
**By First Class U.S. Mail**

Custom Framing Inc.
5028 N Clark Street, 1st Floor
Chicago, IL 60640-2824
**By First Class U.S. Mail**

Rob Goldsmith
Goldsmith Supply
6034 N. Nickerson Ave
Chicago, IL 60631-2404
**By First Class U.S. Mail**

Robert and Heather Aranyi
5028 N. Clark St., 2nd Floor
Chicago, IL  60640-2824
**By First Class U.S. Mail**

Surapol Wongkamalasai
1110 W. Williow
Palatine, IL 60067-4872
**By First Class U.S. Mail**

Tim Landry
Lenders Capital Corp
1450 S. Fairfield
Lombard, IL 60148-4669
**By First Class U.S. Mail**

Universal Services
15406 White Oak
Lowell, IN 46356-9318
**By First Class U.S. Mail**

Witmer Services
9538 Roosevelt St
Crown Point, IN 46307-2023
**By First Class U.S. Mail**


       _____/s/ Ariel Weissberg_____
           Ariel Weissberg

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) Case No. 14-10139 |
| **ANDERSONVILLE ASSOCIATES 10 LLC** | ) Honorable Donald R. Cassling |
| | ) Room 619 |
| Debtor. | ) Hearing Date: May 17, 2016 |
| | ) Hearing Time: 9:30 a.m. |

**DEBTOR'S MOTION TO ENTER FINAL DECREE AND CLOSE CHAPTER 11 CASE**

NOW COMES Debtor, Andersonville Associates 10 LLC ("Andersonville"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. and in support of *Debtor's Motion to Enter Final Decree and Close Chapter 11 Case*, pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 3022, states as follows:

### I.      JURISDICTION

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 350, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3022, 9007, and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 1017-3 and 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### II.      BACKGROUND AND PROCEDURAL HISTORY

1. On March 20, 2014, Andersonville filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize

under Chapter 11 of the Bankruptcy Code. Since then, Andersonville has been managing its assets as a debtor-in-possession.

2. On April 28, 2015, this Court entered an Order confirming Andersonville's Fifth Amended Plan of Reorganization (Docket No. 210). Confirmation Order is final and not subject to appeal.

3. Since the date the Plan was confirmed, the Debtor has worked diligently to implement the Plan.

4. As of the date of this Motion, the Debtor has performed under the Confirmation Order and there are no remaining contested matters pending and no further steps need be taken to facilitate the administration of the Confirmed Plan.

5. The Debtor has made all payments required by the United States Trustee.

### III.   RELIEF REQUESTED AND BASIS FOR RELIEF

6. Through this Motion, the Debtor requests that the Court issue a final decree closing the Debtor's estate as provided for in Bankruptcy Rule 3022.

7. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Bankruptcy Rules, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

8. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (i) whether the order confirming the plan has become final; (ii) whether

7

deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been finally resolved.

9. These six factors set forth above are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See, In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings should not be enough to prevent closure of a bankruptcy case. *See e.g., In re JMP-Newcor International, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (where the only maters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor International*, 225 B.R. at 465.

10. Here, the Debtor's case has been fully administered within the meaning of Section 350 of the Bankruptcy Code. Thus, it is appropriate for the Court to enter a final decree closing the Chapter 11 case.

11. If this Court leaves the Debtor's case open, the Debtor will incur substantial quarterly United States Trustee fees pursuant to 28 U.S.C. § 1930. These quarterly fees are an inefficient use of estate resources. Accordingly, there is ample justification for entry of a final decree closing the Debtor's case at this time.

## IV.   NOTICE

12.    Notice of this Motion has been to the United States Trustee and all creditors and parties-in-interest.

## V.   NO PRIOR RELIEF

13.    No previous request for the relief sough herein has been made to this or any other Court.

14.    Pursuant to 11 U.S.C. §1141(d)(5)(B) the Debtor requests that the Court enter an order of discharge (1) as all unsecured claims have been paid not less than the amount that they would have been paid if the Debtor's estate had been liquidated under Chapter 7 of the United States Bankruptcy Code, (2) modification of the Confirmed Plan is not practicable, and (3) Section §1141(c) permits the court to grant a discharge to the Debtor.

15.    The only remaining payments contemplated under the Confirmed Plan are the payments for the Priority Tax Claims and Class 1 Claims of the Internal Revenue Service which will commence on December 15, 2011.

WHEREFORE, Debtor, Andersonville Associates 10 LLC, prays for an order as follows:

(a)    Granting the Motion To Enter Final Decree and Close Chapter 11 Case pursuant to §350 and Bankruptcy Rule 3022;

(b)    Entering Final Decree closing the Debtor's Chapter 11 case; and,

(c)    For such other relief as may be just.

**ANDERSONVILLE ASSOCIATES 10 LLC,**
Debtor

By**:**    /s/ Ariel Weissberg_____
   One of its attorneys

Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T.  312-663-0004
F.  312-663-1514